IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff/Respondent,**

 vs.                                          CV NO. 08-567 JP/WDS
                                                     CR NO. 06-394 JP

**JOSE OLIVAS-MONTOYA,**
a/k/a RAMON ESTRADA-DIAZ

        **Defendant/Movant,**

**MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]**

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Jose Olivas-Montoya (Document No. 1) Olivas-Montoya is acting *pro se*. Respondent filed a response in opposition to the motion. (Document No.19) Petitioner did not file a reply to the government's response. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Olivas-Montoya is not entitled to relief, an evidentiary hearing is not necessary.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000).  The court makes the following findings and recommended disposition.

## CLAIMS

Olivas-Montoya, who is not a citizen of the United States, claims in his Motion that he was wrongfully deported from the United States subsequent to a Residential Burglary conviction, because he actually is entitled to citizenship through his father and grandfather.  While he acknowledges that he reentered the United States from Mexico after his deportation, he claims that he did so in order vindicate his rights and to obtain either citizenship or residence.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was deported to Mexico pursuant to the Residential Burglary conviction on January 4, 2005.  Defendant admits that he re-entered the United States near Presidio, Texas on May 14, 2005.  On October 26, 2005, the Carlsbad, NM police notified federal authorities that Defendant had been arrested and booked into the Lea County Detention Center on charges of Battery on a Household Member and Resisting Arrest.  On January 25, 2006, Defendant was released from Lea County to U.S. Border Patrol agents.  This prosecution followed.

Defendant was charged in federal court with violating 8 U.S.C. §§ 1326(a)(1) and (2) and 1326(b)(2): re-entry into the United States by an alien after having been convicted of an aggravated felony resulting in deportation.  Defendant pled guilty to the federal charges on February 23, 2006 and was sentenced to 70 months imprisonment on July 25, 2006.  After losing his direct appeal, Defendant filed a habeas action pursuant to 28 U.S.C. §2241 in the District of South Carolina, where he is incarcerated.  On June 3, 2008, the South Carolina District Court ruled that Defendant's action should be re-characterized as a §2255 petition and transferred to the United States District Court for

the District of New Mexico.

## STANDARD OF REVIEW

Since Olivas-Montoya is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies. A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

## DISCUSSION

Defendant is attacking the factual basis of his current conviction by contesting the fact that he is an alien. He now asserts that he was not an alien, but rather a citizen of the United States and that he should not have been deported in the first place. Further, since Defendant claims to be a citizen of the United States he challenges his conviction for illegal re-entry. Defendant does not deny his previous conviction, nor does he deny his deportation, nor does he deny that he failed to get the required permission to re-enter the United States. But he now claims that he has the documentation to prove his allegations of entitlement to citizenship.

The law, however, is quite clear. Challenges to the factual basis for an adjudication of guilt following a guilty plea are severely circumscribed. See, *United States v. Gosselin Worldwide Moving, NV*, 411 F.3d 502 (4th Cir. 2005). The *Gosselin*, court, citing *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (quoting *McCarthy v. United States*, 394 U.S. 459, 466, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969)) said "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge." A defendant who pleads guilty, therefore, admits all of the factual allegations made in the indictment. Defendant's present claim of innocence attempts to

attack the fact that he was an alien, the validity of his previous deportation, and his illegal re-entry. These are all facts he admitted during his guilty plea. He may not attack those facts in this §2255 proceeding.

A guilty plea will be set aside on collateral attack only where to not do so would result in a miscarriage of justice, or where there exists exceptional circumstances justifying such relief. Evers v. United States, 579 F.2d 71 (10th Cir. 1978), cert denied, 440 U.S. 924 (1979). There are no facts alleged, nor does Defendant in any way claim, that his plea was improvident or that he did not have effective assistance of counsel. Accordingly, Defendant's Motion is not well taken.

## DENIAL OF EVIDENTIARY HEARING

Petitioner has the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). For the reasons stated above, the court finds that an evidentiary hearing is not necessary.

## RECOMMENDED DISPOSITION

The court recommends that Olivas-Montoya's Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that

party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

W. DANIEL SCHNEIDER
United States Magistrate Judge